IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARIA RIVERA,

                OPINION AND ORDER

        Plaintiff,

                20-cv-1071-bbc

  v.

ASPIRUS WAUSAU HOSPITAL, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Maria Rivera filed this lawsuit under the Americans with Disabilities Act (ADA) and the Family Medical Leave Act against her former employer, defendant Aspirus Wausau Hospital, Inc. Plaintiff worked for defendant as a registered nurse for several years until her employment ended in May 2019. She contends that she was harassed and eventually terminated by defendant because of her hearing problems and because she complained about the harassment and discrimination.

Now before the court is defendant's motion for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. #7. Defendant contends that plaintiff's ADA claims based on her termination must be dismissed because she did not exhaust her administrative remedies as to those claims before filing this lawsuit. Because defendant has failed to show that plaintiff did not exhaust her administrative remedies, the motion will be denied.

OPINION

Before bringing a lawsuit under the ADA, a plaintiff must file a charge of discrimination

1

with the EEOC. 42 U.S.C. § 12117(a) (applying Title VII remedies and exhaustion procedures to the ADA). A Wisconsin plaintiff has 300 days from the date of the conduct at issue to file an EEOC discrimination charge. A charge filed beyond the 300-day period is untimely and barred. Majors v. General Elec. Co., 714 F.3d 527, 536 (7th Cir. 2013). However, failure to timely file an administrative charge is an affirmative defense, and the burden of proof rests on the defendant. Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475 (7th Cir. 2009). At the pleading stage, dismissal under Rule 12(c) is appropriate only if defendant shows that it is obvious from the pleadings that plaintiff failed to file a timely EEOC charge. Jay E. Hayden Foundation v. First Neighbor Bank, N.A., 610 F.3d 382, 383 (7th Cir. 2010).

Defendant argues that plaintiff failed to file any charge with the EEOC alleging retaliation or discrimination based on defendant's termination of her employment. Defendant points out that plaintiff filed an EEOC charge on April 20, 2019, alleging that she was subject to disability-based harassment and was denied a request for a reasonable accommodation under the ADA. Plaintiff's employment ended on May 28, 2019, more than a month after she filed her EEOC charge. Thus, defendant argues, plaintiff's EEOC charge could not have encompassed her claims of unlawful termination or retaliation.

However, plaintiff submitted evidence in response to defendant's motion showing that she amended her EEOC charge on March 17, 2020, less than 300 days from the date of her termination, alleging discriminatory and retaliatory discharge under the ADA. Plaintiff's counsel submitted a declaration stating that he faxed the amendment to the EEOC's Milwaukee office, and that he received an email confirmation that the fax had been received on the same day. Dkt. #11, ¶ 4. Counsel also submitted a copy of the fax cover sheet, the amendment and an email

2

confirmation generated by his fax service stating that the fax had been received. Dkt. #11-3.

It is not clear what happened to plaintiff's faxed amendment. Although her counsel received confirmation that the fax had been received, the EEOC apparently did not notify defendant that the charge had been amended. Defendant later submitted a position statement to EEOC in July 2020, and the EEOC issued a "right to sue" letter to plaintiff on September 2, 2020. For reasons that are unclear, the EEOC did not provide defendant's position statement or the "right to sue" letter to plaintiff's counsel. When plaintiff's counsel later made a Freedom of Information Act (FOIA) request for a copy of plaintiff's EEOC charge file, the file was missing multiple documents, including plaintiff's original and amended charges. Dkt. #11-5.

Plaintiff argues that because she faxed a timely amendment to the EEOC that included her termination and retaliation claims, those claims should not be dismissed for failure to timely exhaust them. I agree. A charge of discrimination is "deemed to be filed, for purposes of determining timeliness, on the date the complaint or charge is first received" by the EEOC. 28 C.F.R. § 1640.5. And the Court of Appeals for the Seventh Circuit has held that a fax confirmation report delivered to the sender is evidence that a faxed discrimination charge was received by the EEOC. Laouini, 586 F.3d at 478. See also Ira Holtzman, C.P.A. v. Turza, 728 F.3d 682, 685 (7th Cir. 2013) (electronic confirmation of fax's receipt is sufficient to prove receipt absent evidence to the contrary ). In this instance, plaintiff has submitted evidence showing that the EEOC received her amended charge on March 17, 2020. In its reply brief, defendant largely ignores plaintiff's assertion that she faxed an amended charge that included her unlawful termination and retaliation claims. Defendant states briefly that because the amended charge was not provided in response to plaintiff's counsel's FOIA request, plaintiff

3

must not have filed one. Dkt. #13, at 9. But the EEOC also did not provide plaintiff's original charge in response to counsel's FOIA request. And the EEOC also appears to have made errors in failing to notify plaintiff's counsel of defendant's position statement and plaintiff's "right to sue" letter. Thus, the absence of the amended charge in the FOIA documents does not prove that plaintiff failed to submit the amended charge.

Under these circumstances, defendant has not met its burden of showing that plaintiff failed to submit a timely charge to the EEOC that challenged her termination and defendant's alleged retaliatory acts. Defendant certainly has not shown that dismissal would be appropriate at the pleading stage. Accordingly, defendant's motion for partial dismissal will be denied.

ORDER

IT IS ORDERED that the motion for partial judgment on the pleadings filed by defendant Aspirus Wausau Hospital, Inc., dkt. #7, is DENIED.

Entered this 22nd day of June, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge